FILED
2016 Feb-19  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DIANE PATTERSON COWAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 5:14-cv-01645-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

## I.    Introduction

The plaintiff, Diane P. Cowan, proceeding *pro se*, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Ms. Cowan timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Cowan was fifty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 116.) Ms. Cowan has a college education. (Tr. at 164.) Her past work experiences include employment as an assistant dorm director and as a library assistant. (*Id.*) Ms. Cowan claims that she became disabled

on June 30, 2011, due to traumatic arthritis, high blood pressure, type II diabetes, abnormal pap smears, anxiety, and depression. (Tr. at 163.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v.*

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Cowan meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 13.) He further determined that Ms. Cowan had not engaged in SGA since June 30, 2011, the alleged onset of her disability. (*Id.*) According to the ALJ, Ms. Cowan's arthritis and degenerative changes of the knee are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, the ALJ found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 13-15.) The ALJ determined that Plaintiff has the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift and carry twenty pounds and frequently ten pounds. She is able to sit, stand, and/or walk for six hours during an eight-hour workday. The claimant can frequently push and/or pull with lower extremities. She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She can frequently balance and

stoop, and occasionally kneel, crouch, and crawl. The claimant should avoid concentrated exposure to extreme cold and vibration. She should avoid all exposure to unprotected heights, uneven terrain, large bodies of water, and hazardous machinery.

(Tr. at 15.)

According to the ALJ, Ms. Cowan is capable of performing her past relevant work as a library assistant and as a dorm supervisor based on her RFC. (Tr. at 32.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 30, 2011, through the date of the decision (20 CFR 404.1520(f))." (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).   This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.   Discussion

Before the briefing letter was issued in this case, Plaintiff filed two documents making various allegations and attaching portions of the administrative record. (Docs. 6 & 7.) From these documents, the Court gleans that Plaintiff alleges that the ALJ's decision should be reversed and remanded for several reasons. First, Plaintiff argues that the ALJ failed to give substantial weight to her Veterans Administration ("VA") disability rating. (Doc. 6 at 3.) Second, Plaintiff contends that the ALJ erroneously found that she had past relevant work as a library assistant. (*Id.*) Third, she contends that the ALJ erroneously found her past work as an assistant dorm director to be sedentary work and that instead, the duties she performed in that job were at the medium level. (*Id.*) Fourth, Plaintiff argues the ALJ erroneously gave a non-examining physician's diagnosis substantial weight over her treating physician, when the treating physician opined Plaintiff had a marked inability to cope with the mental demands of a work environment. (*Id.*) Fifth, she argues that the ALJ erred in finding her type II diabetes, anxiety, and depression as non-severe impairments at step two. (*Id.*)

Plaintiff also requested an additional 30 days to provide a more complete argument and documentation in support of her claims. (Doc. 6 at 5.) However, the Commissioner subsequently filed the Answer with a complete copy of the administrative record (doc. 9), the briefing letter was issued to the parties which

instructed Plaintiff that she may respond to the Commissioner's brief within a certain amount of time (doc. 10), and the Commissioner filed its brief in support of disability. (Doc. 11). Plaintiff never filed any further brief or response, even though she did file a notice updating her address. Accordingly, the Court finds that this action is ripe for adjudication.

## A.   VA Disability Rating

Plaintiff takes issue with the fact that the ALJ did not explain the weight he was giving to the VA's notation of her 50% service-connected disability. (Tr. at 594.) Although the ALJ did not describe what weight he gave this evidence, this evidence does not controvert the ALJ's finding that Plaintiff could perform a reduced range of light work.

A disability determination by the Social Security Commissioner must be based on social security law, not on any other governmental agency's determination about whether a claimant is disabled under that agency's rules. *See* 20 C.F.R. § 404.1504 (noting that other agencies' determinations are based on their own rules and that Social Security determinations must be based on Social Security law); Social Security Ruling ("SSR") 06-03p. Furthermore, a disability determination made by another agency is not binding on the Commissioner. *See id.* Only the Commissioner can determine whether a claimant is disabled. *See* 20

C.F.R. § 404.1527(d); SSR 96-5p. Indeed, the different rules and procedures other agencies may use in making a disability determination limit the relevance of those determinations to the Commissioner's disability determination. *See* SSR 06-03p. However, those determinations may provide insight about a claimant's impairments. *See id.* The Commissioner, therefore, should still evaluate decisions by other agencies and explain the consideration given to these decisions. *See id.*; 20 C.F.R. § 404.1512(b)(5).

Consistent with these rules and regulations, the Eleventh Circuit has held, "A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (quoting *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981)).[1] While the ALJ must "state with specificity the weight accorded to each item of evidence and why he reached that decision," *id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)), the ALJ may implicitly make such a determination. *Id.* In *Kemp*, although the ALJ did not specifically state that he gave great weight to the VA's disability ratings concerning the plaintiff, the court found no error because the ALJ:

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) ("We hold that the decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.").

continuously refers to the VA's evaluations and disability rating throughout the evaluation process. The ALJ gave specific reasons for why the VA's 30% disability rating based on PTSD did not qualify the condition as a severe impairment under the SSA guidelines. The ALJ relied on the VA's diabetes determination in finding that the diabetes was a severe impairment. Furthermore, the ALJ relied on VA records to determine that Kemp had cervical spondylosis, that Kemp had mild carpal tunnel syndrome, and that Kemp could walk up to a mile and climb two flights of stairs.

*Id.*

Similarly in this case, the ALJ referenced the evidence concerning the VA's disability status in his decision when he noted Plaintiff's extensive treatment history at the VA Medical center and the particular findings at visits dated from 2005 through 2012. (Tr. at 18-30.) Neither the plaintiff's VA medical records nor the VA disability rating contradict the ALJ's finding that Plaintiff could do light work. (Tr. at 254-605, 781-916.) Indeed, because the VA treatment records indicate Plaintiff had only a 50% service-connected disability rating (tr. at 594), the VA disability rating supports the ALJ's decision. VA guidelines require a single disability rating of 60% or higher or combined disability ratings of 70% or higher for a person to be found unable to follow substantially gainful employment. *See* 38 C.F.R. § 4.16(a). The plaintiff's 50% disability rating from the VA is insufficient to show such impairment of mind or body "to render it impossible for the average person to follow a substantially gainful occupation." (*Id.*)

For these reasons, the Court is of the opinion that the ALJ did not err in his treatment of the plaintiff's VA disability rating. *See Kemp*, 308 F. App'x at 426; 38 C.F.R. § 4.16(a).

### B.    Past Relevant Work

Next, Plaintiff argues that the ALJ erroneously concluded that her work as a library assistant was past relevant work. (Doc. 6 at 3.) Past relevant work is any work that "you have done within the past 15 years, that was substantial gainful activity (SGA), and that lasted long enough for you to learn to do it." 20 CFR § 404.1560(b)(1). Additionally, Plaintiff bears the burden of showing that previous work experience is not past relevant work. *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).

There is no question that Plaintiff worked as a library assistant and as an assistant dorm director within the 15 years prior to the ALJ's decision. In her Work History Report, Plaintiff indicated that she worked as a library assistant at an elementary school for approximately six years, from 2005 to May 2011 (tr. at 154-56, 164), and as an assistant dorm director at a university for approximately five years, from November 2006 to June 2011. (Tr. at 154-56, 164.) Plaintiff actually testified before the ALJ in December 2012 that she was still working as a library assistant. (Tr. at 46.) After reviewing Plaintiff's reported work history and listening

to Plaintiff describe her past jobs, the vocational expert testified that Plaintiff's past relevant work had been as a library assistant and dorm supervisor. (Tr. at 52.) *See* U.S. Dep't of Labor, Dictionary of Occupational Titles, ("DOT") § 100.367-018, 1991 WL 646971; § 045.107-038, 1991 WL 646628 (4th ed. 1991).

Additionally, Plaintiff clearly worked in these positions long enough to learn how to do them. According to the DOT, it takes between 6 months and 1 year to learn to be a library assistant and between 2 to 4 years to learn to be a dorm supervisor. *See* DOT §§ 100.367-018 (stating the job of library assistant has a specific vocational preparation ("SVP") of 5, which is "Over 6 months up to and including 1 year"); SSR 00-4p, 2000 WL 1898704 (S.S.A.) ("unskilled work corresponds to an SVP of 1-2"); 045.107-038 (stating the job of dorm supervisor has a SVP of 7, which is "Over 2 years up to and including 4 years"). Plaintiff worked as a library assistant for 6 years and as an assistant dorm director for almost 5 years, which is more than enough time to learn to do both jobs. (Tr. at 154-56, 164.)

Plaintiff's argument against the ALJ's finding of past relevant work is that her income from the library assistant position was not enough to qualify as SGA. (Doc. 6 at 3.) However, Plaintiff reported she worked as both a library assistant and a dorm supervisor between 2006 and 2011, and she earned $17,561, her lowest

yearly earnings during that time, in 2007, and $35,365, her highest yearly earnings during that time, in 2009. (Tr. at 142). These numbers indicate Plaintiff earned between $1,463 and $2,947 per month. These rates are well above the earnings guidelines for SGA. *See* SSA's Program Operations Manual System (POMS) DI 10501.015 (Table 2), https://secure.ssa.gov/poms.nsf/lnx/0410501015 (showing monthly earnings of over $1040 constituted SGA through 2013). Even assuming Plaintiff's library assistant job did not rise to the level of SGA when she only worked part time, earning $656 per month as she indicated, her dorm supervisor job, at which she reported earning $2054 per month, certainly constituted SGA. (Tr. at 154-156, 164). Plaintiff does not challenge the ALJ's designation of her assistant dorm director position as past relevant work. (Doc. 6 at 3.) Therefore, she failed to meet her burden of showing the prior work experience is not past relevant work. *Barnes*, 932 F.2d at 1359.

With regard to Plaintiff's allegation that her past relevant work as a dorm director is medium work, and not sedentary work, as the ALJ found, that assertion is contradicted by the DOT, used by the vocational expert in this case. *See* DOT § 045.107-038, 1991 WL 646628 (4th ed. 1991).

## C.    Treating Physician's Diagnoses

Plaintiff contends that the ALJ erroneously concluded a non-examining physician's opinion was entitled to substantial weight over her treating physician's opinion. (Doc. 6 at 3.) A treating physician's opinion is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

Dr. Harris, Plaintiff's treating psychiatrist, indicated in a questionnaire in October 2012 that as a result of her anxiety and depression, Plaintiff had moderate to marked difficulties following simple and complex instructions, making work-related decisions, dealing appropriately with other people, and interacting appropriately in work-related situations. (Tr. at 776-78.) This physician's opinion is the only evidence in the record indicating that Plaintiff suffered from more than mild or minimal mental limitations. The ALJ pointed out that Dr. Harris's October 2012 findings are inconsistent with the plaintiff's medical record as a whole, including Dr. Harris's own clinical findings and assessments. (Tr. at 29.) Accordingly, he declined to give Dr. Harris's opinion great or controlling weight.

The ALJ's decision is supported by substantial evidence. First, the ALJ points out that despite Dr. Harris's statements that Plaintiff had "marked restrictions in her ability to interact appropriately with the public, respond appropriately to coworkers, and respond appropriately to usual work situations and to changes in routine work settings," Plaintiff was working as a library assistant at the time. (Tr. at 29.) This was a position at an elementary school, which required Plaintiff to interact with children on a regular basis as well as other employees. (Tr. at 46.)

Second, Dr. Harris always assessed Plaintiff's Global Assessment of Functioning ("GAF") between sixty and sixty-five. (Tr. at 29, 348, 389, 437, 476, 571, 852, 881, 885, 912.) A GAF of sixty or sixty-five indicates mild to moderate symptoms or difficulties, which does not correspond to the October 2012 opinion Dr. Harris provided. (Tr. at 29, 776-78.) Furthermore, the majority of the mental examinations conducted by Dr. Harris on the plaintiff were normal, and the examinations that were abnormal revealed only slight abnormalities, which were usually tied to a specific situation or set of circumstances. (Tr. at 29-30, 348, 389, 437, 476, 548, 571, 852, 881, 885, 912.) These examinations found that Plaintiff was appropriately dressed, had good hygiene, was alert, had impulse control within limits, that her speech was normal, had an attention span of full range, and that her judgment and insight were appropriate. (*Id.*) The abnormal examinations showed that Plaintiff was suffering from specific stressors such as work issues, death of friends, or other medical problems. (Tr. at 852, 881, 885.) Dr. Harris never suggested intensive mental health treatment, as one would expect for a person with such marked limitations, as he found in October 2012. These treatment records and notes fail to support his October 2012 opinion.

Finally, Dr. Harris's opinion also conflicted with the opinion of the non-examining state agency psychiatrist, Dr. Williams. (Tr. at 30, 607-620.) State

agency medical consultants are highly qualified physicians and experts in Social Security disability evaluation. *See* 20 C.F.R. § 404.1527(e)(2)(i). An ALJ must consider their opinions and may give them great weight where substantial evidence supports them. *See id.*; SSR 96-6p, 1996 WL 374180; *Jarrett v. Comm'r of Soc. Sec.,* 422 F. App'x 869 (11th Cir. 2011) (concluding ALJ properly gave more weight to non-examining consultants' opinions over a treating physician's opinion). Dr. Williams reviewed the entire evidence of record in forming his opinion as to Plaintiff's disability in September 2011. (Tr. at 30.) Dr. Williams found that Plaintiff suffered from an affective disorder and anxiety-related disorders but that those disorders were non-severe and only mildly impacted Plaintiff's life. (Tr. at 607-620.) These findings are consistent with Dr. Harris's clinical findings. (Tr. at 348, 389, 437, 476, 548, 571, 852, 881, 885, 912.)

Because Dr. Harris's treatment records and the other medical evidence of record failed to support his opinion, the ALJ had good cause to discount Dr. Harris's October 2012 assessment of Plaintiff's condition in favor of Dr. Williams's opinion. *See Crawford*, 363 F.3d at 1159-60; *Phillips*, 357 F.3d at 1240-41.

### D.   Non-severe Impairments at Step Two

Plaintiff also contends that the ALJ erred in finding her diagnoses of type II diabetes mellitus, anxiety, and depression as non-severe impairments at step two of the sequential evaluation. (Doc. 6 at 3.)

At step two, the ALJ found Plaintiff had several severe physical impairments and thus proceeded to the next step in the sequential evaluation. (Tr. at 13). For an impairment to be severe, it must significantly limit a claimant's abilities to do basic work activities for at least twelve consecutive months. *See* 20 CFR §§ 404.1509, 404.1520(a), (c). A diagnosis alone does not establish limitations. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of an impairment], of course, says nothing about the severity of the condition."). Plaintiff does not explain how any diagnosed impairment that the ALJ did not specifically list as severe significantly limited her ability to work. *Cf.* 20 C.F.R. § 404.1520(c) (noting the Commissioner will not find impairments severe unless they significantly limit the ability to do basic work activities).

In any event, because the ALJ found in Plaintiff's favor at step two by finding *some* severe impairments, any error is harmless.

> At step two the ALJ must determine if the claimant has any severe impairment. This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results

from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two.

*Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate [he] has considered all of the claimant's impairments, whether severe or not, in combination." *Id.* at 825.

Although not specifically challenged by the plaintiff, the ALJ properly considered Plaintiff's condition as a whole, including evidence regarding her diabetes and her alleged mental impairments, in assessing her ability to work at step three. (Tr. at 13-32). The ALJ mentioned Plaintiff's diabetes in almost every page of his decision and particularly noted Plaintiff's testimony, which was that she lived alone, worked two jobs, bathed herself, saw to her own medication needs with reminders, did her own hair and makeup, drove to town alone, prepared simple meals, performed household chores like making the bed, shopped alone for food and clothing in stores, played video and card games, aptly managed her own

finances, and frequently attended social gatherings. (Tr. at 182-187, 192). He also discussed the medical evidence that undermined Plaintiff's claim of significant limitations from diabetes for a continuous 12 month period, including repeated descriptions of Plaintiff's diabetes as controlled with medication and causing no complications, even before it was controlled. (Tr. at 14, 18-32, 324, 347, 353, 375, 384, 388, 443, 468, 471, 473, 475, 498, 504, 512, 522, 526, 529, 539, 555, 562, 564, 573, 575, 580, 583-585, 600, 715, 784, 868, 898).

The ALJ also carefully considered Plaintiff's mental impairments using the special technique described in 20 C.F.R. § 404.1520a and, based on Plaintiff's reported regular activities, found Plaintiff experienced no more than mild limitations from her mental impairments. (Tr. at 14-15). This determination was based in part on Dr. Williams's opinion, as discussed above, that Plaintiff's mental impairments were not severe because they caused no more than mild mental limitations. (Tr. at 617.) In sum, Plaintiff failed to show that her diabetes or mental impairments, whether severe or not severe, caused additional limitations beyond those for which the ALJ accounted. *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855 (11th Cir. 2013) (noting even if it was error to exclude Plaintiff's impairment at step two, ALJ considered the condition at other steps; RFC finding

accounted for all limitations; and claimant failed to show limitations beyond those manifested by other severe impairments).

## IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. Cowan's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON FEBRUARY 19, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

21